UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| SHEILA S. WEST,<br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>  Defendant. | )<br>)<br>)<br>)  No. 3:10-CV-116<br>)  (Phillips/Shirley)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

**I. Introduction**

This social security appeal is before the court for consideration of the Plaintiff's Objection (Doc. 18) to the Report and Recommendation filed by United States Magistrate Judge C. Clifford Shirley (Doc. 17). Magistrate Judge Shirley found that Defendant Commissioner's decision that the Plaintiff is not disabled is supported by substantial evidence in the record. The magistrate judge recommended that the Plaintiff's Motion for Summary Judgment (Doc. 11) be denied and that the Commissioner's Motion for Summary Judgment (Doc. 15) be granted.

**II. Issue Presented**

Whether the ALJ's residual functional capacity and mental impairment determinations were supported by substantial evidence.

**III.    Statement of the Case**

On March 5, 2006, Plaintiff filed an application for supplemental security income and disability insurance benefits, alleging disability beginning October 15, 2005. (Tr. 119-26.) The claim was denied by the administrative law judge ("ALJ") on September 30, 2008. (Tr. 6-18.) In his opinion, the ALJ determined that Plaintiff was not disabled and was capable of performing light work with moderate mental limitations. The Appeals Council denied the plaintiff's request for review. (Tr. 1-5.) Plaintiff sought judicial review of the Commissioner's decision in this court pursuant to 42 U.S.C. § 405(g).

Both parties have moved for summary judgment (Docs. 11, 15). On July 25, 2011, the magistrate judge issued a Report and Recommendation (Doc. 17), to which the Plaintiff promptly filed an objection (Doc. 18). As required by 28 U.S.C. § 36(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, this court has undertaken a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objects.

**IV.    Analysis**

The Commissioner's conclusion will be affirmed absent a determination that the ALJ applied incorrect legal standards or made fact findings unsupported by substantial evidence. Kyle v. Comm'r of Soc. Sec., 299 F. App'x 516, 521 (6th Cir. 2008). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

This court finds that the ALJ examined and accorded sufficient weight to the Plaintiff's medical records, and had substantial evidence on which to base its findings regarding the Plaintiff's disability and residual functional capacity.

**A. The ALJ examined and gave sufficient credence to all medical opinions on record in making its ultimate determination concerning Plaintiff's mental impairments and residual functional capacity.**

The ALJ must analyze every medical opinion received and determine the weight to give such opinions in making a disability determination. 20 C.F.R. § 404.1527(d) (West 2010). The Sixth Circuit has held that "the ALJ is not required to discuss every piece of medical opinion evidence" in its final decision. Karger v. Comm'r of Soc. Sec., 414 Fed. App'x 739, 753 (6th Cir. 2011). Rather, the ALJ must discuss "enough of that evidence to enable [a reviewing court] to determine whether substantial evidence supports the determination . . . ." Id. Failure to discuss a medical opinion "denotes a lack of substantial evidence," Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 407 (6th Cir. 2009), but failure to mention a medical opinion by name does not constitute lack of substantial evidence if it is clear the ALJ incorporated the opinion into its determination. Monateri v. Comm'r of Soc. Sec., 2011 WL 3510226, *10 (6th Cir. Aug. 11, 2011).

In compliance with the requirements above, the ALJ examined, described, and accorded relative weight to each medical report or opinion on record. The ALJ took into account the opinions of Julian Nadolsky, M.D., a vocational expert (Tr. 52-53); Alice Garland, M.S., a consultative mental examiner (Tr. 323-28); Robert Paul, M.D., the reviewing state agency psychologist (Tr. 329-45); Cherokee Health Systems (Tr. 296-303, 381-83); David McConnell,

-3-

M.D., an examining physician (Tr. 318-22); and William L. Downey, M.D. (Tr. 203-09) and Jeffrey Summers, M.D. (Tr. 465-69), the state agency physicians.

Plaintiff takes issue with the fact that the ALJ did not include "all of [Ms. Garland's] noted limitations" and "explan[ations for] his apparent rejection of them." (Doc. 18, at 2.) However, the court finds that the ALJ's final decision did contain some discussion about Ms. Garland's report (Tr. 13), and the ALJ did not err in failing to discuss every detail of the report. See Karger, 414 Fed. App'x at 753. Additionally, the ALJ's final decision took into account Ms. Garland's report on Plaintiff's restrictions and limitations, as it noted that the Plaintiff was suited only for non-complex and unskilled work that involved superficial contact with others. (Tr. 15, 50.)

Plaintiff also objects to the fact that the ALJ's final decision did not mention Dr. Paul by name. This court finds that the ALJ's failure to mention Dr. Paul by name does not constitute a lack of substantial evidence, since Dr. Paul's findings were plainly taken into account in the ALJ's final determination. See Monateri, 2011 WL 3510226, *10-11. The ALJ used all of Dr. Paul's summary findings, including his assessment that Plaintiff's limitations were more physical than mental (Tr. 16). *10. Though the ALJ's final decision did not mention Dr. Paul by name, an examination of the decision with Dr. Paul's report reveals that the ALJ adopted his findings nearly verbatim. Compare (Tr. 16), with (Tr. 321, 324, 341).

Plaintiff argues that the ALJ did not give sufficient credence in the final decision to Plaintiff's physical limitations as noted by Dr. Summers and Dr. Downey. However, to the contrary, the ALJ extensively discussed Dr. Summers's examination in his decision (Tr. 15-16), and indicated that he gave the examination the requisite weight (Tr. 15). While the ALJ did not include all of the limitations identified by the doctors, including the postural and environmental limitations, such

details were not required, see Karger, 414 Fed. App'x at 753, and as discussed below, the ALJ's ultimate determination based on the whole record was supported by substantial evidence.

Finally, Plaintiff argues that there were "material inconsistencies or ambiguities in the evidence in the case record" that merited consideration and resolution. (Doc. 18, at 4.) Though there is case law supporting the proposition that the ALJ must attempt to resolve directly contradicting medical opinions, Shelman v. Heckler, 821 F.2d 316, 320-21 (6th Cir. 1987), Plaintiff points to no evidence in the medical records in the instant case that is directly contradictory. To the contrary, the ALJ's mental impairment and residual functional capacity determinations are based on evidence that is wholly consistent with all of the medical opinions on record, and expressly provide for the limitations noted by the medical opinions. (Tr. 15.)

The ALJ gave sufficient weight to all of the medical reports and opinions on record, and did not err in failing to mention in his decision every single finding from the medical records.

**B.  There is substantial evidence in the record supporting the ALJ's mental impairment and residual functional capacity determinations.**

Plaintiff argues that the ALJ's opinion is not supported by substantial evidence, and that the ALJ failed to give a "minimal statement of [his] rationale as well as the particular findings with support [that] rationale." [Doc. 18 (citing Todd v. Apfel, 8 F. Supp. 2d 747, 754 (W.D. Tenn. 1998).] This court reiterates that, even if there exists substantial evidence that Plaintiff had greater limitations than that found by the ALJ, the ALJ's findings must be upheld as long as they were supported by substantial evidence. Crisp, 790 F.2d at 45 n.4. A *de novo* review of the record, including the objective medical evidence, medical opinions, and Plaintiff's own hearing testimony shows that the ALJ's findings were reasonable and supported by substantial evidence.

The record contained substantial evidence supporting the ALJ's decision to deny the Plaintiff's application for disability benefits. The Plaintiff's own testimony revealed that she did not take any medications for her breathing and pain problems (Tr. 45, 47), and that she could stock light items on a shelf for two hours before needing a break (Tr. 38-39.) She did not allege any disabling mental impairments when testifying, and stated that her medication helped control her emotional problems. See Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) ("The medical evidence reflected that appellant's impairments were controlled with medication and were not seriously disabling."). The vocational expert testified that while Plaintiff would be unable to perform her past relevant work, there were over 1,400 unskilled jobs in the regional economy, and 1.75 million jobs nationwide, that Plaintiff would be able to perform. (Tr. 50-51.)

The medical opinions as to Plaintiff's mental limitations also support the ALJ's conclusion. Dr. Garland estimated Plaintiff's intelligence to be "low average" (Tr. 326) and determined that Plaintiff had a Global Assessment Functioning score of 52, suggesting only moderate limitations in her ability to persist and concentrate, work with the public, and adapt (Tr. 327). Dr. Paul noted only "mild to moderate overall [mental health] limitations" (Tr. 341), observed that Plaintiff was capable of understanding and concentrating on simple and low level tasks (Tr. 345), and opined that Plaintiff could adapt and respond to infrequent changes, was able to set limited goals, and would have "some but not substantial difficulty interacting and getting along" with others (Tr. 345). He diagnosed the Plaintiff with borderline to low average intelligence. (Tr. 341.)

Regarding Plaintiff's physical limitations, the record suggests that the Plaintiff can "ambulate[] normally without assistance" (Tr. 321), lift moderately heavy objects, and stand and six for at least six hours in a workday (Tr. 319). Plaintiff's cardiac evaluation on June 20, 2006, showed

Case 3:10-cv-00116   Document 19   Filed 09/30/11   Page 6 of 7 PageID #: 103

overall normal ventricular systolic functioning, and no evidence of abnormalities or chamber enlargement, a normal ejection fraction, and mild mitral regurgitation. (Tr. 364.) Dr. Summers reported that Plaintiff had regular cardiac rhythm with no lift, heave, rubs, gallops, or murmurs (Tr. 368), and was neurologically intact with normal strength and sensation (Tr. 368). Such findings are consistent with the ALJ's finding that the Plaintiff's physical limitations were not disabling.

Finally, the ALJ did not fail to acknowledge the evidence in the record that conflicted with his decision. The ALJ chronicled Plaintiff's history of physical and emotional problems (Tr. 12-13, 15) and acknowledged that her emotional problems were moderately limiting (Tr. 16). The ALJ incorporated Plaintiff's limitations into his final decision, holding that the Plaintiff was suited for non-complex and unskilled work that involved only superficial contact with others. (Tr. 15.)

## V.  Conclusion

The ALJ examined and accorded the requisite weight to the Plaintiff's medical reports and opinions, and had sufficient grounds on which to base its mental impairment and residual functional capacity determinations. Finding no error in the magistrate judge's report and recommendation (Doc. 17), the court will overrule Plaintiff's objections (Doc. 18); deny Plaintiff's Motion for Summary Judgment (Doc. 11); grant defendant Commissioner's Motion for Summary Judgment (Doc. 15); affirm the Commissioner's denial of Plaintiff's application for benefits under the Social Security Act; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge